**In the Matter of Allen C. MATTSON, Respondent.**

No. 05S00–0906–DI–258.

Supreme Court of Indiana.

March 25, 2010.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to two counts of misconduct following the same pattern. In each case, Respondent was appointed to represent a criminal defendant on appeal, was granted several extensions of time to file a brief (including extensions after a "final" extension), filed defective documents, was held in contempt by the Court of Appeals, and was replaced by other appellate counsel. In one case, no brief was filed and the appeal was dismissed. Respondent has no disciplinary history and was cooperative with the Commission. His misconduct was caused in part by depression, for which he has since been under successful treatment.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.16(a)(2): Failure to withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.

3.2: Failure to expedite litigation consistent with the interests of the client.

8.4(d): Engaging in conduct prejudicial to the administration of justice (by wasting judicial resources and delaying consideration of appeals).

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning May 6, 2010, with 30 days actively served and the remainder stayed subject to completion of two years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall meet all requirements of his monitoring agreement with the Judges and Lawyers Assistance Program during his probation.

(2) If Respondent violates his probation, the Court may revoke his probation and he may be required to actively serve the suspension without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the ac-

ceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.